REED SMITH LLP
Michael J. Venditto
Jordan W. Siev
James C. McCarroll
Richard A. Robinson
599 Lexington Avenue
New York, NY  10022-7650
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email:  mvenditto@reedsmith.com
           jsiev@reedsmith.com
           jmccarroll@reedsmith.com
           rrobinson@reedsmith.com

*Proposed Counsel for the Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Aramid Entertainment Fund Limited,<br><br>                                Debtor. | Chapter 11<br><br>Case No.:  14-11802 |
| In re:<br><br>Aramid Liquidating Trust, Ltd. (f/k/a Aramid Entertainment Participation Fund Limited),<br><br>                                Debtor. | Chapter 11<br><br>Case No.: 14-11803 |
| In re:<br><br>Aramid Entertainment, Inc.,<br><br>                                Debtor. | Chapter 11<br><br>Case No.: 14-11804 |

**MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES AND AUTHORIZING THE DEBTORS TO
<u>FILE A CONSOLIDATED LIST OF CREDITORS</u>**

Aramid Entertainment Fund Limited ("AEF"), Aramid Liquidating Trust, Ltd. ("ALTL") and Aramid Entertainment, Inc. ("AEI", together with ALTL and AEF, the "Debtors"[1]) move the Court (the "Motion") for entry of an order, pursuant to sections 101(2) and 521 of Title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 1007 and 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") directing joint administration of their related Chapter 11 cases and authorizing the Debtors to file (i) a consolidated list of creditors and (ii) a consolidated list of the Debtors' twenty largest unsecured creditors. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Geoffrey Varga (the "Varga Declaration") filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of these cases and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 101(2) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 1015(b), and Local Rules 1007-1.

---

[1] The Debtors and, if applicable and known, the last four digits of their taxpayer identification numbers are as follows: Aramid Entertainment Fund Limited; Aramid Liquidating Trust, Ltd. (f/k/a/ Aramid Entertainment Participation Fund Limited); and Aramid Entertainment, Inc. The Debtors' U.S. address is c/o Kinetic Partners, 675 Third Avenue, 21st Floor, New York, NY 10017.

- 2 -

**Background**

4.      The Debtors, primarily acting through AEF, have been engaged in the business of providing short and medium term liquidity to producers and distributors of film, television and other media and entertainment content by way of loans and equity investments.

5.      On May 7, 2014, Geoffrey Varga and Jess Shakespeare of Kinetic Partners (Cayman) Limited ("Kinetic") were appointed as the joint voluntary liquidators ("JVLs") of AEF and ALTL, two of the Debtors in these Chapter 11 cases. AEI, the third Debtor, is a wholly owned subsidiary of AEF.

6.      On the date hereof (the "Petition Date"), the JVLs authorized the Debtors to file voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these Chapter 11 cases. A description of the Debtors' business and the reasons for filing these Chapter 11 cases is set forth in detail in the Varga Declaration filed contemporaneously herewith and incorporated by reference as if fully set forth herein.

**Relief Requested**

7.      The Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, directing joint administration of these Chapter 11 cases and consolidation for procedural purposes only, and authorizing the Debtors to file (i) a consolidated list of creditors and (ii) a consolidated list of the Debtors' twenty largest unsecured creditors.

## Basis for Relief Requested

**A.    Request for Joint Administration of Chapter 11 Cases and Consolidation for Procedural Purposes Only**

8.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as such term is defined in section 101(2) of the Bankruptcy Code.  11 U.S.C. § 101(2).  Therefore, this Court is authorized to consolidate the Debtors' Chapter 11 cases for procedural purposes.

9.    Here, joint administration of these cases will allow the Debtors to avoid the preparation, filing and service of duplicative notices, applications and orders in each of their respective dockets, thereby saving the Court, the Debtors and other parties in interest substantial time and expense.

10.    Moreover, the requested relief will not adversely affect parties' rights, as the Motion requests only administrative, and not substantive, consolidation of the Debtors' estates. In fact, the reduced costs that will result from the joint administration of these Chapter 11 cases will inure to the benefit of all of the Debtors' stakeholders.  Therefore, joint administration of the Chapter 11 cases is warranted and will ease the administrative burden on the Court and the parties.

11.    Accordingly, the Debtors respectfully request that the Court make separate docket entries in the Chapter 11 cases of Aramid Liquidating Trust, Ltd. and Aramid Entertainment, Inc. substantially similar to the following:

> An order has been entered in this case that has consolidated this case with that of Aramid Entertainment Fund Limited, Case No. 14-11802, for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  All further pleading and other papers shall be filed in, and all further docket entries shall be made in Case No. 14-11802.

12. The Debtors also request that the caption of their Chapter 11 cases to be used by all parties in all pleadings and notices in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Aramid Entertainment Fund Limited, *et al.*,* | Case No.: 14-11802 |
| Debtors. | (Jointly Administered) |

\* The Debtors and, if applicable and known, the last four digits of their taxpayer identification numbers are as follows: Aramid Entertainment Fund Limited; Aramid Liquidating Trust, Ltd (f/k/a/ Aramid Entertainment Participation Fund Limited); and Aramid Entertainment, Inc. The Debtors' U.S. address is c/o Kinetic Partners, 675 Third Avenue, 21st Floor, New York, NY 10017.

13. Section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n), require the case caption on pleadings and notices to contain the name, the last four digits of the tax identification number and address of each debtor, and any names used by each debtor in the previous eight years. The JVLs, notwithstanding diligent inquiry, have not been able to locate tax identification numbers for any of the Debtors, but believe that they will ultimately locate any applicable tax identification numbers. Once the JVLs identify any applicable tax identification numbers, the Debtors believe that the footnote should be revised to include the last four digits of any such numbers. In the meantime, the Debtors propose to include the above footnote in the caption of each pleading and notice. Given the circumstances, the Debtors submit that the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 are satisfied by the above proposed caption.

14. The Debtors seek permission to maintain one service list which will be regularly updated and filed with the Court. The Debtors shall file a consolidated monthly operating report, but shall track disbursements on a debtor-by-debtor basis and, shall list such disbursements on a debtor-by-debtor basis. The Debtors shall pay any fees due to the United States Trustee for Region 2 (the "U.S. Trustee") on a debtor-by-debtor basis.

15. Courts in this district regularly grant relief similar to that requested herein. *See, e.g.*, *In re Atari Inc.,* No. 13-10176 (Bankr. S.D.N.Y. Jan. 24, 2013), ECF No. 27; *In re Residential Capital, LLC,* No. 12-12020 (Bankr. S.D.N.Y. May 14, 2012), ECF No. 59; *In re* 16 *Eastman Kodak Co.,* No. 12-10202 (Bankr. S.D.N.Y. Jan. 19, 2012), ECF No. 42; *In re AMR Co.,* No. 11-15463 (Bankr. S.D.N.Y. Nov. 29, 2011), ECF No. 46.

**B.    Request for Authority to File Consolidated Lists of Creditors**

16. Under section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, General Order M-408 (Bankr. S.D.N.Y. Sept. 22, 2010), and General Order M-399 (Bankr. S.D.N.Y. May 17, 2010), a debtor must file a list containing the name and address of each creditor. Under General Order M-408, at the time of filing the petition, the debtor's counsel must (1) file the list of creditors on the docket and (2) upload the creditors' matrix into the ECF creditors' database. Further, Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustee at least 21 days' notice 5  by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

17. The Debtors presently maintain various computerized lists of the names and addresses of their respective creditors that are entitled to receive notices and other documents in these cases. The Debtors believe that the information, as maintained in these computer files (or

those of their agents), may be consolidated and utilized efficiently to provide interested parties with the notices and other similar documents. Accordingly, by this Motion, the Debtors seek authority to file the lists on a consolidated basis, identifying their creditors in the format or formats currently maintained in the ordinary course of the Debtors' business, and that such filing be deemed to comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and General Orders M-408 and M-399.

### C.    Request for Authority to File Consolidated List of Unsecured Creditors

18.    Under Bankruptcy Rule 1007(d), a Chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, which hold the twenty largest unsecured claims in the debtor's case. This list is primarily used by the Office of the United States Trustee to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in the case pursuant to section 1102 of the Bankruptcy Code. "The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)." *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); *see also* 9 COLLIER ON BANKRUPTCY ¶ 1007.5 (Lawrence P. King, *et al.*, eds., 15th ed. 2001) ("[T]he largest [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

19.    The Debtors submit that a single consolidated list of their unsecured creditors in these cases would be more reflective of the body of unsecured creditors that have the greatest stake in these cases rather than a separate list for each Debtor. Therefore, the Debtors

respectfully request authorization to file a single consolidated list of their unsecured creditors and that such filing be deemed to comply with the requirements of Bankruptcy Rule 1007(d).

### **Notice**

20. No trustee or examiner has been appointed in these Chapter 11 cases. The Debtors will serve notice of this Motion on the Office of the United States Trustee and those creditors holding the twenty largest unsecured claims against the Debtors' estates.

21. In the event that the Court grants the relief requested by this Motion, the Debtors shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtors submit that no other or further notice need be provided.

22. No prior request for relief sought in this Motion has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: June 13, 2014  
       New York, New York

Respectfully submitted,

REED SMITH LLP

__/s/ James C. McCarroll_____  
James C. McCarroll  
Michael J. Venditto  
Jordan W. Siev  
Richard A. Robinson  
599 Lexington Avenue  
New York, NY  10022-7650  
Telephone:  (212) 521-5400  
Facsimile:  (212) 521-5450  
Email:  jmccarroll@reedsmith.com  
       mvenditto@reedsmith.com  
       jsiev@reedsmith.com  
       rrobinson@reedsmith.com

*Proposed Counsel to the Debtors*